UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-156(2) (PJS/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) PLEA AGREEMENT AND |
| | ) SENTENCING STIPULATIONS |
| ALEX BLANTON BARKER, | ) |
| Defendant. | ) |

The United States of America and the defendant, ALEX BLANTON BARKER, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. In return, the government agrees to move to dismiss Count 2 of the Indictment at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: Beginning in or about August 2019, and continuing through on or about August 5, 2020, the defendant conspired with Brian Michael Orndorff, Jarrett David Dainty, Robert Angelo Martinez, William Dennis Shields and others to distribute


SCANNED
NOV 12 2020
U.S. DISTRICT COURT MPLS

500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. During the period of the conspiracy, the defendant would assist Orndorff to obtain large quantities of methamphetamine from various suppliers in Arizona and to distribute the methamphetamine to customers in the Twin Cities area and elsewhere. On February 10, 2020, the defendant was arrested along with Orndorff near Owatonna, Minnesota, and found in possession of approximately 31 pounds of high purity methamphetamine. The defendant stipulates and agrees that he conspired to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, that he possessed and distributed over 50 pounds of methamphetamine in furtherance of the conspiracy, that he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to give up the right to file any pretrial motions in this case.

4. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a. a mandatory minimum sentence of 10 years in prison;

    b. a maximum of life in prison;

    c. a supervised release term of at least five years and up to life;

    d. a fine of up to $10,000,000;

  e. the forfeiture of drug-related assets; and

  f. a mandatory special assessment of $100.00.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and be denied certain federal benefits pursuant to 21 U.S.C. § 862(a)(1).

6. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

  a. <u>Base Offense Level</u>. The parties agree that the base offense level is 38 (4.5 kilograms or more of actual methamphetamine). USSG § 2D1.1(c)(1).

  b. <u>Specific Offense Characteristics</u>. The defendant may be eligible for a two-level decrease under the "safety-valve" provisions. USSG § 2D1.1(b)(18). The parties agree that no other specific offense characteristics apply in this case.

  c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties also agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial

3

Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant appears to have a criminal history category of I. The defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

e. <u>Guideline Range</u>. If the defendant is "safety-valve" eligible and has a total offense level is 33 (base offense level of 38, decreased by two levels under the "safety-valve" provisions, and decreased by three levels for timely acceptance of responsibility), and his criminal history category is I, his guideline range would be 135 to 168 months.

f. <u>Fine Range</u>. If the total offense level is 33, the fine range would be $35,000 to $10,000,000. USSG § 5E1.2.

g. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of five years. USSG § 5D1.2.

h. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable guideline range.

8. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal

4

history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100. USSG § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

10. **Forfeitures**. The defendant agrees to forfeit to the United States all of his right, title and interest in the property described in the Forfeiture Allegation of the Indictment.

11. **Waiver of Freedom of Information Act and Privacy Act**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Waiver of Appeal**. The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence on any ground except the defendant may appeal the sentence if the term of imprisonment imposed is greater than 168 months, and the government may appeal the sentence if the term of imprisonment imposed is less than 135 months.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Dated: November 10, 2020

ERICA H. MacDONALD
United States Attorney

*Thomas M. Hollenhorst*

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Dated: November 10, 2020

ALEX BLANTON BARKER
Defendant

Dated: November 10, 2020

LOUSENE M. HOPPE, ESQ.
Attorney for Defendant